IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBORAH HINES, | : |
| Plaintiff, | : |
| VS. | : NO. 5:15-CV-421-MTT-MSH |
| DR. YVON NAZAIRE, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant's motion to dismiss (ECF No. 23), filed on May 23, 2016. Plaintiff responded on June 10, 2016 (ECF No. 25), Defendant replied on June 20, 2016 (ECF No. 26), and Plaintiff filed a supplemental response on July 11, 2016 (ECF No. 27). Defendant's motion is now ripe for review. For the reasons discussed below, this Court recommends that Defendant's motion be granted.

## BACKGROUND

This action arises from Plaintiff's medical care while in Georgia Department of Corrections custody. On April 15, 2014, Plaintiff filed a lawsuit against Defendant Nazaire setting forth the same allegations as asserted here. *See Hines v. Nazaire*, 5:14-cv-147-MTT-CHW. That suit was dismissed as to Defendant Nazaire on August 18, 2015 for Plaintiff's failure to exhaust.[1] *See* Order, Aug. 18, 2015, 5:14-cv-147-MTT-

---

[1] The lawsuit remained pending against other defendants not named in this action.

CHW, ECF No. 55.  Ten weeks later, on October 30, 2015, Plaintiff filed this § 1983 action. Defendant argues that this action should be similarly dismissed for a failure to exhaust.  Defendant's motion is ripe for review.

## DISCUSSION

I.  **Exhaustion**

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true."

2

*Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Plaintiff's recast complaint only briefly addresses the exhaustion issue, listing her steps: "Plaintiff Hines used the prisoner grievance at Pulaski State Prison to try and solve the problem. In Aug 2012 Hines presented the facts relating to this complaint. In Sept (Sept 2012) Plaintiff Hines was sent a response saying that the grievance had been denied." Recast Compl. 4, ECF No. 6. "On Sept 8 2012, Hines appeal[ed] the denial of the grievance to Warden Davis. I received no response. I have a receipt from the counselor where I did file but received no response from Warden. So I continue[d] to complain to the Warden, to Medical, to my Chief Counselor."[2] Recast Compl. 3, ECF No. 6.

Plaintiff puts forth no allegation, evidence, or argument to suggest that there has been a change in the exhaustion issue such that would change the Court's finding. Plaintiff had a full opportunity to present her case—she, in fact, had ample opportunity to develop the record on exhaustion, covering the same assertions she makes in the instant action. *See Hines v. Nazaire*, 5:14-cv-147-MTT-CHW, ECF Nos. 1, 23, 37, 38, 46, and

---

[2] This is almost identical to her previous description of her efforts to exhaust: "On Aug 16, 2012, Plaintiff Hines presented the facts relating to this Complaint. On Aug 19, 2012 Plaintiff Hines was sent a response saying that the grievance had been denied. On Sept 2012 I appealed the denial of the grievance to the Warden. I received no response. I have receipt for both grievance. Will be attached as Exhibit." *Hines v. Nazaire*, 5:14-cv-147-MTT-CHW, Letter, April 20, 2015 ECF No. 25.

3

48. The Court found that Plaintiff had not exhausted the claims she asserts here.[3] Plaintiff has presented no new evidence or differing claims. Plaintiff's disagreement with the outcome of her initial lawsuit does not entitle her to another opportunity to litigate. For these reasons, the Court recommends granting Defendant's motion to dismiss for failure to exhaust.

## II.     Injunctive Relief

The Court notes, notwithstanding the exhaustion defects noted above, that Plaintiff seeks "a preliminary and permanent injunction ordering defendant Nazaire to cease his reckless practice as a doctor at any prison." Recast Compl. 10. In other words, Plaintiff wants the prison officials to obey the law. Such injunctive relief is impermissible. *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than "obey the law" is impermissible."). It is consequently recommended that Defendant's motion to dismiss be granted as to Plaintiff's claims for injunctive relief.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion to dismiss (ECF No. 23) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The

---

[3] Specifically, the Court stated, "there is no evidence she filed a formal grievance, which was a necessary step in the grievance procedure in effect at the time. Thus, the Magistrate Judge's determination that the claims against Dr. Nazaire should be dismissed for failure to exhaust administrative remedies is correct." *Hines v. Nazaire*, 5:14-cv-147-MTT-CHW, Order 5, August 18, 2015, ECF No. 55.

district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 17th day of February, 2017.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE