IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Deborah Hines,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-421 (MTT) |
| **Dr. Yvon Nazaire,** | ) ) ) |
| **Defendant.** | ) ) |

# ORDER

Magistrate Judge Stephen Hyles recommends dismissing Plaintiff Hines's Recast Complaint (Doc. 6) because Hines failed to exhaust her administrative remedies. Doc. 29 at 3-4. Hines objects. Doc. 30. The Court has reviewed the Recommendation and has made a de novo determination that the Magistrate Judge correctly concluded that Hines failed to demonstrate exhaustion of her administrative remedies.

On April 15, 2014, Plaintiff Hines filed civil action 5:14-cv-147 asserting an Eighth Amendment deliberate indifference claim against Defendant Nazaire for prescribing thyroid medication even though Hines had a healthy thyroid and then abruptly discontinuing it, causing significant injuries. *Hines v. Nazaire*, 5:14-cv-147-MTT-CHW, ECF Doc. 1 at 5. Nazaire filed a motion to dismiss asserting that Hines had not exhausted her administrative remedies. *Id.*, ECF Doc. 20. After considering Hines's numerous and voluminous responsive filings (*see id.*, ECF Docs. 23, 33, 35-38, 40) and her related amendments to her complaint (*see id.*, ECF Doc. 29, 32), the Magistrate Judge recommended that Hines's claims against Nazaire be dismissed for failure to exhaust her administrative remedies. *See id.*, ECF Doc. 42. On August 8, 2015, the Court, after considering Hines's two objections (*see id.*, ECF Docs. 44, 46), a reply supporting her objections (Doc. 48), and her supplemental complaint (*see id.*, ECF Doc.

53), adopted the Magistrate Judge's recommendation that Hines's claims against Nazaire be dismissed for failure to exhaust administrative remedies (the "First Nazaire Order"). *See id.*, ECF Doc. 55. This ruling is now on appeal. *See id.*, ECF Doc. 103.[1]

On November 10, 2015, Hines filed this action, making allegations nearly identical to those in her first action. *See* Doc. 1, *rescast*, Doc. 6. Nazaire moved for dismissal of Hines's complaint, asserting the statute of limitations, failure to exhaust administrative remedies, collateral estoppel, res judicata, and failure to state a claim under the Eighth Amendment.[2] Doc. 23 at 1. Hines filed a fifteen-page response and a fourteen-page supplemental response. Docs. 25; 27. The Magistrate Judge recommends dismissal of Hines's claim because her allegations of exhaustion here are "almost identical to her previous description of her efforts to exhaust." Doc. 29 at 3 n.2. The Magistrate Judge noted:

> Plaintiff puts forth no allegation, evidence, or argument to suggest that there has been a change in the exhaustion issue such that would change the Court's finding. Plaintiff had a full opportunity to present her case—she, in fact, had ample opportunity to develop the record on exhaustion, covering the same assertions she makes in the instant action. *See Hines v. Nazaire*, 5:14-cv-147-MTT-CHW, ECF

---

[1] Hines filed a notice of appeal after the Court dismissed her claims against the two remaining Defendants and entered final judgment against her. *See* 5:14-cv-147, ECF Docs. 101 (order dismissing Dr. Billy Nichols and Georgia Correctional Healthcare for failure to exhaust administrative remedies); 102 (entry of judgment); 103 (notice of appeal). Hines previously filed a notice of appeal after the Court dismissed Nazaire. *Id.*, ECF Doc. 60. But that appeal was dismissed for lack of jurisdiction, as the Court's order dismissing Nazaire was not a final judgment. *See id.*, ECF Doc. 79 at 2; *cf.* Fed. R. Civ. P. 54(b).

[2] Nazaire did not argue that 5:14-cv-147 was a prior pending action requiring the dismissal of this action. The prior pending action doctrine is implicated because: (1) Hines brought this case while 5:14-cv-147 was pending; and (2) the issues in these cases are virtually identical (importantly, Hines makes no claim that she exhausted her administrative remedies in the period intervening the filing of her complaint in 5:14-cv-147 and her complaint here (*cf. supra* note 5)). *Cf. Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed."); *Holliday v. City of Newington*, No. 3:03CV1824 (SRU), 2004 WL 717160, at *1 (D. Conn.) ("Because '[a] district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. . . . a court may dismiss an action when a prior pending action has been filed as long as the 'controlling issues in the dismissed action will be determined in the other lawsuit.'" (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 5C *Federal Practice and Procedure* § 1360 (3d ed.))).

> Nos. 1, 23, 37, 38, 46, and 48.  The Court found that Plaintiff had not exhausted the claims she asserts here.  Plaintiff has presented no new evidence or differing claims. Plaintiff's disagreement with the outcome of her initial lawsuit does not entitle her to another opportunity to litigate.  For these reasons, the Court recommends granting Defendant's motion to dismiss for failure to exhaust.

*Id.* at 3-4.

As Hines points out, in the First Nazaire Order, the Court found that Hines had filed at least one informal grievance and an appeal, but found "no evidence [Hines] [f]iled a formal grievance."  Doc. 25 at 7.  Hines disagrees with the Court's conclusion that this means that she failed to exhaust.  Hines argues:

> As I explain in every one of my complaints, after not getting a response, I assume after more than 30 days of no answer my grievance was rejected or denied, so I appealed still no answer.  The district court erred in finding Plaintiff Hines did not comply with G.D.C. grievance policy because she fail to appeal.  It was undisputed that neither of the grievances had resulted in a decision by the warden.

*Id.* at 7.  Hines goes on to argue that no grievance appeal is required when prison officials do not respond to a grievance.  Of course, these arguments miss the point of the Court's reasoning in the First Nazaire Order—that the then-applicable three-step grievance process required a formal grievance, and it does not appear that Hines filed such a formal grievance.  *See* Doc. 55 at 4.[3]  Accordingly, the Court's reasoning in the

---

3   As noted in the First Nazaire Order:

> [I]f the Plaintiff began the grievance process in August 2012, then the applicable GDC grievance procedure . . . was the former GDC three-step grievance procedure:
>
>> First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. Once an inmate receives the Warden's response to his formal grievance and is

First Nazaire Order applies with full force here.  Moreover, Hines is clearly collaterally estopped from relitigating these arguments.  *Cf. Hamze v. Cummings*, 652 F. App'x 876, 879 (11th Cir. 2016) ("[T]he district court did not err in applying collateral estoppel to conclude that [42 U.S.C. § 1983 plaintiff] failed to exhaust his administrative remedies as to these claims."); *see also Wood v. Kesler*, 323 F.3d 872, 879 (11th Cir. 2003) (applying collateral estoppel in § 1983 suit).[4]

Hines asserts arguments not addressed in First Nazaire Order, the most salient of which rely on an alleged settlement offer from the prison system.  *See* Docs. 27 at 11-13; 30 at 2-6 (reasserting that the settlement letter evidences exhaustion and reasserting that "Nurse Rogers," the administrator who allegedly signed the settlement letter, retaliated against her by destroying her grievance); *see also* 5:14-cv-147, ECF Doc. 87 at 12 (settlement offer letter).  But Hines is estopped from asserting these

---

> dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. The Commissioner's Office has 90 calendar days after receipt of the appeal to respond.
>
> *Maloch v. Pollard*, 2012 WL 780380, at *9 (N.D. Ga.) (record citations omitted) (quoting *Faircloth v. Ferrell*, 2011 WL 7004207, at *2 (S.D. Ga.)).

5:14-cv-147, ECF Doc. 55 at 4.

[4]   As noted above (*see supra* note 1 and accompanying text), the Court's ruling in 5:14-cv-147 is on appeal.  It is well established, despite scattered authority to the contrary, that a federal order subject to a pending appeal precludes subsequent relitigation of the issues dealt with therein.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015) (noting that "a judgment's preclusive effect is generally immediate, notwithstanding any appeal."); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Typically, a federal judgment becomes final for appellate review and claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." (citing Restatement (Second) of Judgments § 13, cmt. *b* (Am. Law Inst. 1982))); *Jaffree v. Wallace*, 837 F.2d 1461, 1466-67 (11th Cir. 1988) (holding district court's judgment precluded subsequent claim even though the judgment was then on appeal and was subsequently reversed because "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal[,]" and "[a] judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." (alterations in original) (citations omitted)).  Preclusion is even more certainly appropriate here because the Court is applying issue preclusion (collateral estoppel) based on its own prior orders rather than claim preclusion (res judicata). *See* Restatement (Second) of Judgments § 13 cmts. *b* & *g* (explaining that a "more pliant view of finality . . . is appropriate with respect to issue preclusion").

arguments because she previously raised these arguments in her attempt to avoid an adverse exhaustion ruling on her related claims in 5:14-cv-147 against Nazaire's hiring superior, Dr. Billy Nichols, and Georgia Correctional Healthcare (GCH).  *See* 5:14-cv-147, ECF Docs. 87, 93, 94, 96, 98, 99.  The Court rejected her arguments there, and found the settlement letter to be a forgery.  *Id.*, ECF Doc. 101 at 4-5.  She is accordingly collaterally estopped from reasserting these arguments here.[5]  *Cf. Hamze*, 652 F. App'x at 879 ("Collateral estoppel . . . is not limited to parties and their privies.  A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." (quoting *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986))).

In any event, the Court remains convinced that the settlement letter is a forgery for the reasons it gave in the order dismissing Nichols and GCH.[6]  And, as in that order, the Court does not find Hines's related assertions of misconduct by Nurse Rogers to be credible.  Hines had every opportunity to introduce credible evidence of the formal grievance that she claims to have submitted and claimed to have a receipt for.  *See* 5:14-cv-147, ECF Doc. 55 at 5.  But she has still failed to do so.  Rather, she has

---

[5]  Grievance 203711, which Hines says is attached to her objection here (*see* Doc. 30 at 5), deserves special attention.  Though Hines did not attach the grievance in this action, Hines did attach grievance 203711 in her previous action.  *See* 5:14-cv-147, ECF Docs. 98-1; 98-2.  The Court found that grievance 203711 was insufficient to exhaust Hines's administrative remedies in that case because the grievance was filed August 26, 2015, after Hines filed that lawsuit—April 15, 2014.  *See id.*, ECF Doc. 101 at 6.  Though this action was filed later—November 10, 2015—Hines had not *completed* the grievance process as to grievance 203711 before filing this action.  Rather, grievance 203711 was still in the appeal process on December 14, 2015.  *See id.* at ECF Docs. 98-1 at 1.  Because Hines failed to *complete* the grievance process as to grievance 203711 before filing this action, grievance 203711 is insufficient to exhaust Hines's administrative remedies here.  *Cf. Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) ("[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance *and exhaust the remedies available under that procedure* before pursuing a § 1983 lawsuit." (emphasis added) (citations omitted)); *see also Williams v. Barrow*, 559 F. App'x 979, 985 (11th Cir. 2014) ("To exhaust administrative remedies, a prisoner must *complete* the administrative review process according to the rules set forth in the prison grievance process itself." (emphasis added)).

[6]  Hines's story about the letter is made even less believable by her statements in this action.  For example, she now asserts that she had to keep the letter in her shoe to keep it from being confiscated by prison guards.  Doc. 25 at 10-11.  The letter she submitted to the Court did not look like a copy of a paper that spent any time in a shoe.  *See* 5:14-cv-147, ECF Doc. 87 at 12.

introduces red herrings, offers contradictory and vague explanations, rehashes old arguments previously rejected by the Court, or complains about the Court's past decisions. *See, e.g.*, Docs. 25 at 11-13; 27 at 8-11; 30 at 5-6. The Court remains unpersuaded. Hines has failed to demonstrate that she exhausted her administrative remedies.

In conclusion, the Recommendation (Doc. 29) is **ADOPTED as amended** by this Order, Nazaire's Motion to Dismiss (Doc. 83) for failure to exhaust administrative remedies is **GRANTED**, and Hines's Recast Complaint (Doc. 6) is **DISMISSED without prejudice**.[7]

**SO ORDERED,** this 28th day of March, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[7] The Magistrate Judge correctly determined that Hines is not entitled to her requested injunctive relief. *See* Doc. 29 at 4.